FILED
CLERK OF COURT
2025 JUN 10 AM 11: 48
SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. **CM0352-24** |
| vs. | **DECISION AND ORDER** |
| **ANDREW EDWARD GONZALEZ aka Andrew Edward Lacdo-o Gonzalez,** Defendant. | |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on April 4, 2025, for hearing on Defendant **ANDREW EDWARD GONZALEZ aka Andrew Edward Lacdo-o Gonzalez's** ("Defendant") Motion to Suppress. Present were Defendant with counsel, Assistant Public Defender Adam Gunkel and Assistant Attorney General Dante CH Harootonian on behalf of the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

On November 2, 2024, Defendant was charged with five (5) counts of Graffiti (As a Misdemeanor). (Magistrate's Compl., Nov. 2, 2024). These charges stem from allegations that Defendant placed graffiti with the tag "R33P" on five different occasions and locations in Tumon, Guam from October 26, 2024 to October 31, 2024. *Id.* On March 31, 2024, Defendant was located by police at his place of employment and agreed to go to the precinct for an interview.

(Decl. of Emily L.A. Reyes, Magistrate's Compl., Nov. 2, 2024). Defendant subsequently admitted to placing graffiti in Tumon and that his tag was "R33P." *Id.*

On March 13, 2025, Defendant filed the instant Motion, moving the Court to suppress statements made to GPD on October 31, 2024 because he did not knowingly, voluntarily, and intelligently waive his right to counsel. *See generally,* Mot. Suppress, Mar. 13, 2025.

On March 26, 2025, the Government filed its Opposition.

On April 2, 2025, Defendant filed his Reply.

On April 4, 2025, the Court heard sworn testimony from Guam Police Department ("GPD") Officer Antoinette Martinez ("Officer Martinez"). The Court ascertained the following facts from her testimony:

1. Defendant was identified in a criminal mischief complaint.

2. Defendant was taken into custody at his place of employment, Guam Memorial Hospital, and transported to the Tumon Precinct.

3. Defendant was placed into an interview room at the Precinct. Officer Martinez told him that she would be returning with the Miranda Rights Custodial Interrogation Form and Written Statement Form.

4. Officer Martinez returned to the room and advised Defendant of his *Miranda* rights. This included Officer Martinez telling Defendant he had a right to an attorney and that if he could not afford an attorney, one would be provided to him.

5. Officer Martinez testified that Defendant did not appear drunk or on drugs while she interacted with him.

6. Before Defendant signed and waived his rights, he requested Officer Martinez contact his lawyer McDonald.

7. Officer Martinez testified that she understood that meant Attorney McDonald was his attorney. Officer Martinez asked Defendant if he had a phone number to contact Attorney McDonald.

8. Officer Martinez requested the phone number so she could contact his attorney and have him present with Defendant during his questioning.

9. Defendant took a brief pause and stated "never mind."

10. Officer Martinez inquired if Defendant was sure.

11. Defendant responded "yeah, the lawyer fees were a lot." Officer Martinez understood that to refer to Attorney McDonald's attorney fees.

12. Officer Martinez testified that if Defendant had stated he didn't know the contact number or responded no, she would have stopped the interview and Defendant would have been arrested for the criminal mischief complaint. Officer Martinez testified that she would have made efforts to contact Attorney McDonald.

## DISCUSSION

The Fifth Amendment of the United States Constitution provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself," U.S. Const. amend. V, and is applicable to Guam through the Organic Act. *See* 48 U.S.C.A. § 1421b(d). "The main purpose of *Miranda* is to ensure that an accused is advised of and understands the right to remain silent and the right to counsel." *Berghuis v. Thompkins*, 560 U.S. 370, 383 (2010). "An accused in custody, having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless he validly waives his earlier request for the assistance of counsel." *Smith v. Illinois*, 469 U.S. 91, 94–95 (1984) (quoting *Edwards v. Arizona,* 451 U.S. 477, 484-85 (1981). The burden is on the Government "to demonstrate that Defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel." *Miranda v. Arizona,* 384 U.S. 436, 475 (1966). "To be valid, the waiver must be voluntary, knowing and intelligent. This court has stated that the voluntary, knowing and intelligent nature of a *Miranda* waiver is to be gleaned from the totality of the circumstances, which includes the background, experience and conduct of the defendant." *People v. Farata*, 2007 Guam 8 ¶ 46 (internal quotation marks and citation omitted).

The Government agrees that Defendant properly invoked his right to counsel. *See* Opp'n at 2, Mar. 26, 2025. The issue before the Court is whether or not Defendant validly waived his right to counsel by responding "never mind" when asked for his counsel's phone number and

"yeah, the lawyer fees were a lot" when asked if he was sure about changing his mind. In order to conclude that there has been a waiver, the Court must find that Defendant's relinquishment of that right was "the product of a free and deliberate choice rather than intimidation, coercion, or deception" and that he had "a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *United States v. Medunjanin,* 752 F.3d 576, 586 (2d Cir. 2014) (citations omitted).

Here, although testimony at the Suppression Hearing provided that Defendant requested Officer Martinez contact his lawyer, that Defendant changed his mind after being asked for his attorney's phone number, and that Defendant was asked if he was "sure," there was no testimony about what occurred after Defendant stated "yeah, the lawyer fees were a lot." The Court therefore has no information about how Defendant ultimately signed and waived his rights, and how the conversation continued after Defendant stated that "the lawyer fees were a lot." *See, e.g., Smith,* 469 U.S. at 95 ("if the accused invoked his right to counsel, courts may admit his responses to further questioning only on finding that he (a) initiated further discussions with the police, and (b) knowingly and intelligently waived the right he had invoked."). The Court is therefore unable to determine whether Defendant properly revoked his right. Accordingly, the Court finds that the Government has not met its burden and GRANTS Defendant's Motion to Suppress.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion to Suppress. Parties shall return for a Status Hearing on June 24, 2025 at 10:30 a.m.

**IT IS SO ORDERED** this 10th day of June, 2025.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam